IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORMA E. POORE, Individually and as Legal Guardian of Jennifer Ulmer, an Incapacitated Adult,<br><br>Plaintiff,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, DAIMLER TRUCK NORTH AMERICA, LLC, MILLENNIUM TRUCKING, INC., and JOSHUA G. TAYLOR,<br><br>Defendants.<br>-------------------------------------------------------<br>JOSHUA G. TAYLOR and MILLENNIUM TRUCKING, INC.,<br><br>Cross-Claimants,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, DAIMLER TRUCK NORTH AMERICA, LLC,<br><br>Cross-Defendants.<br>-------------------------------------------------------<br>MILLENNIUM TRUCKING, INC., and JOSHUA G. TAYLOR,<br><br>Counter-Claimants,<br><br>vs.<br><br>NORMA E. POORE, Individually and as Legal Guardian of Jennifer Ulmer, an Incapacitated Adult,<br><br>Counter-Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Case No. 3:23-cv-121-DWD |

## AGREED PROTECTIVE ORDER OF CONFIDENTIALITY

1.      **"Confidential Material."** As used in this Protective Order of Confidentiality, **confidential material** shall refer to **records** and/or things of Plaintiff and Defendants Bridgestone Americas Tire Operations, LLC ("BATO"), Daimler North America, LLC ("Daimler"), and Millennium Trucking Inc. ("Millennium"), collectively referred to as "the Parties," which are produced by any party in this case and designated as confidential.

2.      **Criteria for Designating Materials Confidential**.    The Parties may designate as **confidential material** only records and materials that are not public and include information relating to proprietary or trade secret product development, design, production and evaluation, financial and commercially sensitive plans and data, and confidential personal information. Such materials must be sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from the disclosure or use of such information, or sufficiently private that disclosure may cause personal harm to an individual.  Such material may include information in the following categories:

        (a)     Confidential and non-public product specification and design information;

        (b)     Confidential and non-public product research and development information;

        (c)     Confidential and non-public product manufacturing information reflecting proprietary methods, processes, and equipment;

(d)     Confidential production and sale information or data;

(e)     Confidential and non-public product testing, evaluation, and performance monitoring data; or

(f)     Confidential medical, employment, or financial records of any person, including but not limited to the Plaintiff or her ward.

The Parties are required to take care that any materials designated as **confidential material** meet these criteria.  All **confidential material** produced by the Parties in this matter remains the property of the Producing Party.

3.     **"Records."** As used in this Protective Order of Confidentiality, **records** shall mean information, both discrete and cumulative, that is inscribed or otherwise recorded on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form. **Records** include both electronic records and printed, typewritten, and other tangible records.

4.     **Scope.** This Protective Order of Confidentiality shall govern **confidential material** produced or disclosed by the Parties in response to formal or informal discovery conducted in this matter. This Protective Order of Confidentiality also shall govern Plaintiff's confidential medical records and financial information produced in this matter (but are not subject to the storage restrictions and document return terms of this Order). Nothing in this Protective Order of Confidentiality shall be deemed to preclude the Producing Party's rights to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order of Confidentiality, or (b) object on any ground to the admission of any **confidential material** into evidence at trial. Further, nothing contained

in this Protective Order of Confidentiality shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought. This Protective Order of Confidentiality does not define the scope of discovery in this case, and no party has agreed to limit or broaden the scope of discovery by agreeing to this Protective Order of Confidentiality.

5. **Designation of Confidential Material.** A Producing Party may designate all or any portion of records and/or things it produces formally or informally to other parties to this litigation as **confidential material** consistent with the requirements of Paragraph 2**.** The designation of **confidential material** shall be made in good faith and by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: "**confidential**" or "**confidential material.**" **Confidential material** will be Bates stamped, if appropriate. All **records** and/or things designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order of Confidentiality until further order by the Court.

6. **Withdrawal of Confidential Designations**.   To the extent a Producing Party improperly designates material as confidential or determines that confidential material does not properly meet the criteria for confidentiality in Paragraph 2 above, it shall withdraw those designations and notify all other Parties of such withdrawal.

7. **Unintentional Disclosure.** The inadvertent, unintentional, or *in camera* production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in

question. If any party should unintentionally/inadvertently produce any **confidential material** in response to a formal request for production and/or an order of the Court, and/or unintentionally/inadvertently fail to redact **confidential material** not discoverable in this case, the recipient shall return such **confidential material** to counsel for the Producing Party within 24 hours of discovering or receiving notice of the unintentional/Inadvertent disclosure and/or failure to redact (or as soon as possible if it is not possible for the recipient to return such **confidential material** within 24 hours of discovering or receiving notice of the unintentional/inadvertent disclosure and/or failure to redact, including all copies thereof, to the Producing Party), and shall make no use of the **confidential material** for any purpose.

8.      **Objection to Designation.** If any party objects to the designation of any record or thing as **confidential material,** that party shall promptly notify all other parties in writing no later than 120 days before the scheduled trial date, specifying the factual and legal basis for the objection. The parties will negotiate any such issue in good faith to reach a resolution.

9.      **Challenges to Designation.**  If a dispute arises that cannot be resolved by agreement, then the dispute will be submitted to the Court by motion no later than seventy-five (75) days prior to trial. Pending such determination (or the expiration of the period in which the Producing Party may make a challenge to an adverse ruling), the **records** shall be maintained as **confidential material.** The burden of proving the confidential nature of designated information in response to the factual and legal bases for the objection set forth by the challenging party is on the party that produced the

information and designated it as confidential.  Challenges to confidential designations

may also be made by third parties and members of the public.  Any such challenge must

demonstrate an appropriate interest in disclosure.  Once such interest is demonstrated,

the burden shall be on the Producing Party to prove the confidential nature of the

designated information.

     **10.**     **Access to Confidential Material.** Access to **confidential material** shall be

limited to **authorized persons,** solely in the performance of their duties in connection

with trial preparation of this case. **Authorized persons** are:

     (a)     Counsel of record (and attorneys within their firm) for the parties

and the parties to this civil action only;

     (b)     Paralegal, secretarial, administrative, and legal personnel (including

contract staff, copying services or other administrative support) working under the

direction and control of those counsel of record and who have consented to this Protective

Order of Confidentiality;

     (c)     Outside forensic experts and consultants, vendors, focus group

participants, or non-attorney experts retained or consulted by counsel of record to assist

in the preparation, prosecution, or evaluation of this litigation who have first consented

to this Protective Order of Confidentiality and signed the Promise of Confidentiality;

     (d)     the Court hearing this matter, the Court's personnel, mediators,

other persons appointed by the Court, and court reporters; and

(e)     witnesses and the jury, as required at any hearing or at the trial of this case.

No access to or publication of **confidential material** shall be given to or made to any person or entity not specifically described above in Paragraph 7(a-e). However, nothing in this Protective Order of Confidentiality shall prohibit the Producing Party from utilizing the **confidential material** as it deems appropriate, and any such use by the Producing Party shall not destroy the confidentiality of the **confidential material** in question.

**Authorized persons** shall not include any organization or entity, or any representative thereof, that regularly maintains and/or disseminates documents or information, including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others.

Under no circumstances shall access to **confidential material** be granted to any employee of any competitor of the Producing Party, or any person who plans to, expects to, or reasonably anticipates to be employed by or affiliated with a competitor of the Producing Party regarding research, development, production, or testing of tires within the next two years.

**11.     Promises of Confidentiality.** Before showing or divulging any **confidential material** information to any **authorized person** other than the Court and Court personnel, counsel shall first obtain from each such person a signed "**written assurance**" in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of **confidential material** to whom this paragraph applies and the original

of every "**written assurance**" required pursuant to this paragraph. At the conclusion of the litigation, the parties to this Protective Order shall forward to each other each and every signed "**written assurance**" and a list of all recipients of **confidential materials;** however, with regard to consultant(s) not identified as expert(s) in this matter counsel need only provide a copy of the "**written assurance**" redacted to remove any reference to the identity of the consultant(s).

12.     **Storage of Confidential Material. Authorized persons** shall maintain all **confidential material** in a secure location. As set forth in more detail in Paragraph 14, within ninety (90) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), counsel for record for each party shall either deliver to counsel of record for the Producing Party or completely destroy/delete all **confidential material** produced (except the Plaintiff's confidential medical, employment, and financial records and those materials determined by the Court or agreed by the parties not to be confidential) and provide a certificates of destruction/deletion (in the forms attached as Exhibits B and C) to the Producing Party.

13.     **Use of Confidential Material.** Unless otherwise agreed by the parties in writing, all **confidential material** shall be used for the purpose of this lawsuit only.

(a)     Unless otherwise agreed by the parties in writing, no **confidential material** will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case.

(b)     If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any party to this Protective

Order of Confidentiality, or any **authorized person** defined hereunder, that party or person will immediately notify the Producing Party's counsel of record, provide the Producing Party's counsel with a copy of the subpoena or other discovery request, and will consent to and/or will execute reasonable documents necessary for the request for an order from the appropriate court protecting the **confidential material** from being disseminated outside the scope of this Protective Order of Confidentiality.

       14.       **Confidential Material Submitted to the Court.**

       (a)       If any **confidential material** is filed with the Court, including any pleading incorporating **confidential material,** the portion of such filing containing **confidential material** shall be filed using PACER's sealing option. The Court requires a further motion for leave to seal the documents to maintain their sealed status; therefore, the Producing Party shall have the burden of filing such motion and of proving the documents' entitlement to sealing under applicable law.

       (b)       **Confidential material** may be introduced into evidence, if otherwise admissible, provided it may only be done so during hearing or trial when counsel for the producing party is present, and subject to the producing party's right to seek *in camera* treatment of such **confidential material.** Further, the Court may take steps as it deems reasonably necessary to preserve the confidentiality of the **confidential material.**

       (c)       All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize, or otherwise disclose **confidential material** shall be under seal in accordance with 14.A., and such documents shall not be made publicly available, except by further order of this Court.

15.     **Depositions.** If any **confidential material** is used or referred to during any deposition, counsel for the Producing Party may require that only its representatives, **authorized persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Counsel for the Producing Party may also serve a copy of this Protective Order of Confidentiality upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit A) prior to further questioning. Within thirty (30) days of receipt of the completed deposition transcript, counsel for the Producing Party shall designate by page and line the portions for which such claim is made, and give written notice of this designation to all other parties.  Pending such designation, the deposition and all exhibits shall be treated in its entirety as **confidential material**. The cover page of any deposition that will include portions designated as confidential and shall include a legend indicating that it "includes confidential material subject to Protective Order."

16.     **Inadvertent Disclosure.** Should any **confidential material** be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order of Confidentiality by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order of Confidentiality; (b) shall be identified immediately to counsel of record for the Producing Party; and (c) shall be directed if within control of a party, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). At the Producing Party's sole discretion, such

unauthorized person may be required to surrender to the Producing Party all copies of **confidential material** in such unauthorized person's possession. The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality.

17.     **Return or Destruction of Confidential Material.** Within ninety (90) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), counsel for record for each party shall either deliver to counsel of record for the Producing Party or completely destroy/delete all **confidential material** produced, including all copies, direct quotes, renderings, recordings, and any other form of reproductions of any portion of **confidential material** (except those determined by the Court or agreed by the parties not to be confidential) which have been disseminated to any authorized person or destroy/delete it and provide a certificate of destruction/deletion (in the form attached as Exhibit B) to the Producing Party. The obligation to return does not include true attorney work product so long as it does not contain direct quotes from or otherwise disclose **confidential material,** but attorney work product that does contain direct quotes from **confidential material,** or which otherwise discloses the **confidential material,** shall be destroyed/deleted by the counsel or expert in possession of such work product containing **confidential material.**

18.     The parties to this Protective Order acknowledge that Plaintiff has indicated opposition to this Protective Order because it does not allow for the sharing of documents produced by BATO and Daimler with similarly situated litigants. In the interests of moving forward with substantive matters in this case, Plaintiff has agreed to execute this

Protective Order with the understanding that she specifically reserves the right to separately move the Court for modification of this Protective Order to broaden the definition of **authorized persons.** Should Plaintiff decide to do so, she agrees she must file a motion with this Court and provide the producing party with at least twenty-one (21) days written notice prior to any hearing on such motion. BATO and Daimler reserve all rights to object to such modification. Plaintiff specifically agrees that all documents produced to her by BATO or Daimler prior to a ruling by the Court on any motion to modify this Protective Order that Plaintiff may file in the future shall be kept confidential pursuant to the terms of this Protective Order.

      **SO ORDERED**.

Dated June 5, 2023.

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

## EXHIBIT A

### PROMISE OF CONFIDENTIALITY

I hereby acknowledge and affirm that I have read the terms and conditions of the Agreed Protective Order of Confidentiality dated and agreed to by the parties ("Agreed Protective Order") in the action titled *Norma Poore v. Millennium Trucking, Inc., et al.*, No. 3:23-cv-00121, in the United States District Court for the Southern District of Illinois. I understand the terms of the Agreed Protective Order and under oath consent to be bound by such terms as a condition to being provided access to the CONFIDENTIAL MATERIALS in this action. Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Agreed Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by the Producing Party in this action and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that the Producing Party may pursue all civil remedies available to them as third-party beneficiaries of this Agreement.


Signature: _____ Date: _____


Printed Name: _____

**EXHIBIT B**

**Attorney's Certification of Confidential Document Return or Destruction/Deletion**

      1.      We are counsel of record for Plaintiff in the lawsuit styled *Norma Poore v. Millennium Trucking, Inc., et al.*, No. 3:23-cv-00121 (the "Lawsuit").

      2.      Pursuant to the requirements set forth in the Agreed Protective Order of Confidentiality, each of us has fulfilled each of our obligations imposed thereby, specifically:

      A.      We have complied with Paragraph 14 of the Agreed Protective Order of Confidentiality by either returning to counsel of record for the producing party or by completely destroying/deleting all materials covered by that paragraph.

      B.      As part of our return of Confidential Material, we have gathered from each person to whom we have given access all Confidential Material in such person's possession or obtained such person's certificate of destruction/deletion. Those certifications are attached hereto.

      3.      We understand that we have a continuing obligation under the Agreed Protective Order of Confidentiality to immediately return or destroy/delete any Confidential Material that was produced to us by the Producing Party in this lawsuit that may later be located.

Date:_____          Signature: _____
                           Robert E. Ammons.
                           Adam A. Milasincic
                           ON BEHALF OF THE AMMONS LAW FIRM, LLP

Date:_____          Signature: _____
                           Alan Pirtle
                           ON BEHALF OF BROWN & CROUPPEN, P.C.

## <u>EXHIBIT C</u>

**Expert's/Authorized Person's Certification of Confidential
Document Return or Destruction/Deletion**

1.     My   name   is   _____.   I   work   at
_____.


2.     I have received access to materials (including documents and confidential depositions) protected by the Agreed Protective Order of Confidentiality ("Confidential Material") entered in the lawsuit styled *Norma Poore v. Millennium Trucking, Inc., et al.,* No. 3:23-cv-00121 (the "Lawsuit").

3.     Pursuant to the request of counsel that provided me with such Confidential Material and the Agreed Protective Order of Confidentiality, I have either returned to the counsel of record that provided it to me or completely destroyed/deleted all Confidential Material and all copies, notes, direct quotes, summaries, descriptions, indices, transcripts, renderings, photographs, recordings, compact discs, DVDs, flash/thumb drives, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof.

4.     I have not made any Confidential Material, any copies thereof, or any document that reflects or contains Confidential Material, available to any other person or entity.

5.     I understand that I have a continuing obligation under the Agreed Protective Order of Confidentiality to locate and immediately return or destroy/delete any Confidential Material or copies thereof that I received in connection with this lawsuit.

Date:_____          Signature: _____


                        Printed Name: _____